## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARBARA ANN MCKINNEY,
      Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBER
PH-0752-11-0086-C-1

DATE: March 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barbara Ann McKinney, Woods Hole, Massachusetts, pro se.

Martha F. Ansty, Esquire, Essex Junction, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of a compliance initial decision, which denied her petition for enforcement of a settlement agreement reached in her alleged involuntary retirement appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the compliance initial decision denying the petition for enforcement on the merits and DISMISS the compliance appeal for lack of jurisdiction.

## BACKGROUND

¶2 The appellant filed an appeal with the Board alleging that her retirement from the agency was involuntary, and constituted a constructive removal. Initial Appeal File (IAF), Tab 1 at 2-3, 11, 13. With her Board appeal, the appellant submitted an order from the Equal Opportunity Employment Commission (EEOC), which amended her complaint of discrimination based on age and disability to include her constructive removal claim, and therefore remanded the matter to the agency for processing as a mixed case. *Id.* at 11-15.

¶3 Before the administrative judge made any finding on the issue of jurisdiction, the parties requested to participate in the Board's Mediation Appeals Program and entered into a settlement agreement during that process. IAF, Tabs 11, 14-15. Pursuant to the settlement agreement, the appellant agreed to withdraw her Board appeal and EEOC complaint with prejudice in exchange for a lump sum payment of $40,000.00. IAF, Tab 15 at 2. The settlement agreement

provided that the appellant "agree[d] to be responsible for the tax consequences of the lump sum payment." *Id.*

¶4      In an initial decision dated April 13, 2011, the administrative judge dismissed the appeal as withdrawn. IAF, Tab 16, Initial Decision (ID) at 1-2. She found that the parties understood the terms of the settlement agreement, and that it was lawful on its face and freely entered into. ID at 1. However, the administrative judge found that because the issue of jurisdiction was unresolved, she could not enter the settlement agreement into the record for enforcement by the Board. ID at 1-2. Neither party filed a petition for review of the initial decision, which became final on May 18, 2011. *See* ID at 2.

¶5      In March 2014, the appellant filed a petition for enforcement, alleging that the agency breached the settlement agreement by issuing a form 1099 to the Internal Revenue Service (IRS) documenting the $40,000.00 lump sum payment. Compliance File (CF), Tab 1 at 1-2. The agency responded, arguing that it had properly issued the form 1099 in accordance with the provision of the settlement agreement stating that the appellant was responsible for the tax consequences of the lump sum payment. CF, Tab 3 at 6-7. The agency further argued that, pursuant to the settlement agreement, the EEOC, rather than the Board, was responsible for enforcing the terms of the agreement. *Id.* at 7.

¶6      On July 2, 2014, the administrative judge issued a compliance initial decision, which summarily stated that the Board had jurisdiction over the petition for enforcement, without explaining the basis for this finding. CF, Tab 5, Compliance Initial Decision (CID) at 1. The administrative judge found that the agency was in compliance with the settlement agreement when it issued the form 1099 to the IRS, and dismissed the petition for enforcement. CID at 3-5.

¶7      The appellant has filed a petition for review of the compliance initial decision, in which she disputes the administrative judge's finding that the agency was in compliance with the settlement agreement. Compliance Petition for

Review (CPFR) File, Tab 1 at 2-4. The agency has responded to the petition for review. CPFR File, Tab 5 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8     The issue of jurisdiction is always before the Board, and may be raised at any time by either party or sua sponte by the Board. *Heath v. U.S. Postal Service*, 107 M.S.P.R. 366, ¶ 4 (2007). It is well-settled that the Board lacks jurisdiction to enforce a settlement agreement pursuant to which an appeal was withdrawn, where the agreement was not entered into the record for enforcement purposes.[2] *See Diamond v. U.S. Postal Service*, 51 M.S.P.R. 448, 450 (1991), *aff'd*, 972 F.2d 1353 (Fed. Cir. 1992) (Table); *Harris v. U.S. Postal Service*, 44 M.S.P.R. 547, 550 (1990); *see also Richardson v. Environmental Protection Agency*, 5 M.S.P.R. 248, 250 (1981) (before the Board will enforce a settlement agreement, the settlement must be made a part of the record), *modified on other grounds by Shaw v. Department of the Navy*, 39 M.S.P.R. 586, 594 (1989); 5 C.F.R. § 1201.182(a) (providing for jurisdiction over enforcement of the terms of a settlement agreement that has been entered into the record for purposes of enforcement in an order or decision under the Board's appellate jurisdiction).

¶9     In the April 13, 2011 initial decision dismissing the appellant's alleged involuntary retirement appeal, the administrative judge found that she could not enter the parties' settlement agreement into the record for enforcement because the issue of the Board's jurisdiction over the appeal remained unresolved. *See* ID at 1-2. Neither party filed a petition for review of that decision, which became the final decision of the Board. ID at 2; *see* 5 C.F.R. § 1201.113. Where, as

---

[2] A party may file a petition for review challenging the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement purposes, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994). The appellant has made no such allegation here. CF, Tabs 1, 4; CPFR File, Tab 1.

here, the parties elect to settle an appeal without entering the settlement agreement into the record for enforcement purposes, the Board lacks jurisdiction to adjudicate a petition for enforcement of the settlement agreement.[3] *See Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006) (the Board lacked jurisdiction to entertain a petition for enforcement where the parties did not object to the appeal being dismissed pursuant to a settlement agreement that was not entered into the record); *Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 462, 464 (1996) (the Board lacked authority to adjudicate a petition for enforcement where the parties agreed to settle the appeal without incorporating the agreement into the record for enforcement purposes); *Pelatti v. Department of the Navy*, 45 M.S.P.R. 33, 36 (1990) (the Board lacked authority to enforce a settlement agreement that was not made a part of the record).

¶10 Because the Board lacks jurisdiction to enforce the settlement agreement, the administrative judge erred in adjudicating the appellant's petition for compliance on the merits. *See Cimilluca v. Department of Defense*, 77 M.S.P.R. 256, 257-59 (1998) (vacating an initial decision adjudicating a petition for enforcement on the merits where a settlement agreement was not entered into the record for enforcement purposes). Accordingly, we vacate the compliance initial decision, and dismiss the appellant's compliance appeal for lack of jurisdiction.

---

[3] In addition, the settlement agreement did not indicate that the parties intended for it to be enforceable by the Board. IAF, Tab 15. Instead, the settlement agreement provided that that if the appellant believed that the agency had failed to comply with the terms of the settlement, she would "follow the procedures set forth in 29 C.F.R. § 1614.504," indicating that the parties intended the agreement to be enforceable by the EEOC. *Id.* at 2-3; *see also Fuentes v. Department of Health & Human Services*, 111 M.S.P.R. 246, ¶ 3 (2009); *Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 642-43 (1997) (the parties intended for the EEOC to enforce a settlement agreement that provided for enforcement in accordance with 29 C.F.R. § 1614.504).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.